MARK TAKASHI,                          )
                                       )
                Petitioner,            )
                                       )
v.                                     )         No.:   3:16-CV-261-TAV-HBG
                                       )
MIKE PARRIS,                           )
                                       )
                Respondent.            )

## MEMORANDUM OPINION

Now before the Court is this pro se prisoner's petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 [Doc. 1].  Respondent filed a response in opposition [Doc. 8]

and copies of the state record [Doc. 9].  Petitioner filed a reply [Doc. 15].  After reviewing

all of the relevant filings, including the state court records, the Court concludes that

Petitioner is not entitled to relief under § 2254.  Accordingly, no evidentiary hearing is

warranted, *see* Rules Governing § 2254 Cases, Rule 8(a), and *Schirro v. Landrigan*, 550

U.S. 465, 474 (2007), Petitioner's § 2254 petition [Doc. 1] will be **DENIED**, and this

action will be **DISMISSED**.

## I.    STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in

28 U.S.C. § 2254, et seq., a district court may not grant habeas corpus relief for a claim

that a state court adjudicated on the merits unless the state court's adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

The § 2254(d) standard is a hard standard to satisfy. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (noting that "§ 2254(d), as amended by AEDPA, is a purposefully demanding standard . . . 'because it was meant to be'" (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011))).

## II.     BACKGROUND

A Knox County jury found Petitioner guilty of aggravated child abuse and aggravated child neglect [State Court Record Attachment 4 p. 344]. These convictions arose out of police officers' discovery of Petitioner's biological son in a "lifeless and 'grayish'" condition on a mattress near where Petitioner and a friend were playing video games, as well as testimony from the mother of the victim regarding Petitioner's abuse, a child-abuse pediatrician who examined the victim, and an investigator for the Department of Children's Services ("DCS"). *State v. Takashi*, No. E2010-01818-CCA-R3-CD, 2012 WL 1991732, at *1–2 (Tenn. Crim. App. Sept. 7, 2012).

Petitioner appealed his convictions, alleging that the trial court erred by allowing him to represent himself and that his sentence was excessive [State Court Record Attachment 20 p. 16–25]. The Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgments of the trial court. *Id.* at 7.

Petitioner next filed a pro se motion for post-conviction relief in which he asserted that his counsel was ineffective with regard to a plea agreement and a psychiatric evaluation of Petitioner, that his self-representation at trial was unconstitutional, and that appellate counsel was ineffective for failing to challenge his illegal sentence or the sufficiency of the evidence [State Court Record Attachment 25 p. 4–13]. Petitioner also alleged that counsel was ineffective with regard to investigating the family history of the victim's mother and not having a DCS worker testify at his trial, that the evidence was insufficient to convict him, that the prosecutor improperly influenced the jury through misconduct and trial and appellate counsel failed to challenge this misconduct, and that appellate counsel was ineffective for failing to assert Petitioner's actual innocence [*Id.* at 12–13].

Petitioner, through counsel, later filed an amended petition for post-conviction relief, asserting that counsel was ineffective with regard to plea offers and that the state violated his due-process rights to a fair trial by concealing potentially exculpatory information, specifically investigative reports that undermined the credibility of the victim's mother [*Id.* at 24–26]. After holding a hearing on the motion, the post-conviction court denied Petitioner relief [*Id.* at 32].

Petitioner appealed the denial of his petition for post-conviction relief, requesting review of the post-conviction court's ruling that Petitioner had not established a reasonable probability that he would have accepted a plea offer [State Court Record Attachment 28 p. 6]. The TCCA affirmed the judgment of the post-conviction court. *Takashi v. State*, No. E2014-01432-CCA-R3-PC, 2015 WL 4557776 (Tenn. Crim. App. July 29, 2015).

In this action, Petitioner seeks relief under § 2254 based on the following arguments:

(1)     The trial court erred by allowing Petitioner to represent himself;

(2)     Counsel was ineffective for allowing Petitioner to represent himself without challenging a mental health evaluation;

(3)     Counsel was ineffective with regard to plea offers;

(4)     His sentence violates the Eighth Amendment, as it is cruel and unusual punishment; and

(5)     Counsel was ineffective for failing to raise the argument that Petitioner was actually innocent of the charges against him.

[Doc. 1 p. 5–22].   For each of these claims, Petitioner relies on the exception to the procedural-default doctrine, per *Martinez v. Ryan*, 566 U.S. 1, 16–17 (2012), under which ineffective assistance of post-conviction counsel may be "cause" to excuse procedural default of a claim where the petitioner could raise a claim for trial counsel's ineffective assistance for the first time in a post-conviction petition [*Id.*].[1]

## III.     ANALYSIS

### A.     Self-Representation

In this claim, Petitioner asserts that the trial court violated his right to counsel under the Sixth Amendment because it did not properly determine that Petitioner was knowingly and intelligently waiving his right to assistance of counsel before allowing Petitioner to represent himself at trial [Doc. 1 p. 3].   In support of this claim, Petitioner states that he was mentally impaired and in need of a mental-health evaluation, that he had no knowledge

---

[1] This exception applies in Tennessee.  *Sutton v. Carpenter*, 745 F.3d 787, 792–95 (6th Cir. 2014)

of the expected range of sentence if he were convicted, that he did not know how to file pretrial motions, subpoena witnesses, conduct the trial, make objections, or examine witnesses, and that he did not have any formal legal education [*Id.* at 3–5]. In his response, Respondent asserts that the TCCA properly affirmed the trial court's decision to allow Petitioner to represent himself [Doc. 6 p. 5–11]. In his reply, Petitioner asserts that the TCCA's determination that the trial court properly allowed Petitioner to represent himself at trial was an unreasonable application of clearly established federal law or an unreasonable determination of facts, specifically citing *Von Moltke v. Gillies*, 332 U.S. 708 (1948) [Doc. 14 p. 4–14].

In denying Petitioner relief for this claim on direct appeal, the TCCA set forth a detailed and well-reasoned analysis applying *Faretta v. California*, 422 U.S. 806 (1975) and other relevant state-law cases. *State v. Takashi*, No. E2010-01818-CCA-R3-CD, 2012 WL 1991732, at *2–3 (Tenn. Crim. App. Sept. 7, 2012). While the TCCA did note that the trial court had not advised Petitioner regarding potential defenses or mitigating circumstances, it found that the overall circumstances established that Petitioner had knowingly and intelligently waived his right to counsel. *Id.* at *5.

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Fourteenth Amendment requires state courts to likewise provide criminal defendants with assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 342–45 (1963).

The Sixth and Fourteenth Amendments also guarantee the corollary right to waive counsel and proceed pro se. *Faretta v. California*, 422 U.S. 806, 807 (1975). When an accused chooses self-representation, he necessarily relinquishes "many of the traditional benefits associated with the right to counsel." *Id.* at 835. Accordingly, "in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits" and "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)); *see also Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (waiver of right to counsel is valid only when it "reflects an intentional relinquishment or abandonment of a known right or privilege").

In order for a waiver of the right to counsel to be valid, it "must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948). The Supreme Court has not, however, "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004). Rather, "[t]he information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the

proceeding." *Id*. Regarding waiver of trial counsel, the Supreme Court has said that, before a defendant may be allowed to proceed pro se, he must be "warned specifically of the hazards ahead." *Id*. at 88–89. Accordingly, "warnings of the pitfalls of proceeding to trial without counsel . . . must be 'rigorous[ly]' conveyed." *Id*. at 89 (quoting *Patterson v. Illinois*, 487 U.S. 285, 298 (1988)). A petitioner has the burden to prove that he did not competently and intelligently waive his right to counsel. *Tovar*, 541 U.S. at 92.

The state-court record in this case establishes that, on two separate occasions, the trial court addressed Petitioner's desire to represent himself. First, on April 15, 2010, the trial court asked about Petitioner's education and whether he had ever been ruled incompetent or mentally ill, advised him about the seriousness of the situation and the specific penalty range, advised him to proceed with an attorney, advised him that the court could not help Petitioner during the trial and that he needed to obtain the skills necessary to proceed at trial, and advised Petitioner that self-representation at trial likely would be demanding and frustrating to him [State Court Record Attachment 8 p. 584–99]. During this conversation, Petitioner responded thoughtfully to the trial court's inquiries [*Id.*]. Petitioner also asked why his codefendant had received a certain charge that he did not, stated that he had been studying the Tennessee Rules of Evidence, named various witnesses he intended to question, questioned the court about a specific evidentiary rule and its application to his trial, and stated that his decision to proceed without counsel was "[v]ery, very, very voluntary" [*Id.*].

In its second inquiry on January 30, 3018, the trial court questioned Petitioner about his education, advised Petitioner about the seriousness of the situation and the specific penalty range, including the possibility that he could be sentenced to two fifteen- to twenty-year sentences to be served consecutively at one-hundred percent, advised him to proceed with an attorney, and advised him that he needed to obtain various skills necessary to proceed at trial [State Court Record Attachment 16 p. 7–16]. Petitioner again responded thoughtfully and reasonably to the Court's inquiries and strongly stated that he did not wish to have any assistance from counsel [*Id.*].

Further, on January 30, 2008, Petitioner executed a written waiver of counsel which provided as follows:

> The undersigned represents to the court that he has been informed of the charges against him, the nature thereof, the statutory punishment therefore and the right to appointment of counsel upon his representation to the Court that he is unable to employ counsel and the reasons therefore, all of which he fully understands. The undersigned now states to the Court that he does not desire the appointment of counsel, expressly waives the same and desires to appear in all respects in his own behalf, which he understands he has the right to do.

[State Court Record Attachment 1 p. 67].

The totality of the circumstances surrounding Petitioner's waiver of his right to appointed counsel establishes that this waiver was both knowing and intelligent. Specifically, the trial court repeatedly advised Petitioner regarding his potential sentence, asked Petitioner numerous questions about his ability to represent himself, inquired about Petitioner's mental health, advised Petitioner about the difficulties of self-representation at

trial, and strongly advised Petitioner to proceed with counsel. Petitioner's responses to the trial court inquiries were coherent and thoughtful, and they established Petitioner's understanding of the charges against him and potential defenses thereto, including Petitioner's statements regarding the charges against his codefendant, his preparation of questions for various witnesses, and the application of specific evidentiary rules. Moreover, Petitioner has set forth no evidence to support his assertion that his mental health prevented him from knowingly and intelligently relinquishing his right to counsel, and the record does not support any such assertion.

In his reply, Petitioner relies on *Von Moltke v. Gillies*, 332 U.S. 708 (1948), to assert that the TCCA's determination of this issue was an unreasonable application of federal law or an unreasonable determination of law in light of the facts. In *Von Moltke*, the Supreme Court found unconstitutional the trial court's acceptance of a waiver of counsel and a guilty plea from a German countess who had received advice about her case (some of which was erroneous) exclusively from government representatives. The Court concluded that the trial court's inquiry was not as thorough as necessary under the circumstances, including specifically the fact that the country was at war with Germany at the time. *See id.* at 709–26 (1948). As set forth above, however, the record in this case establishes that the trial court evaluated Petitioner's desire to represent himself on two separate occasions during which the trial court specifically and repeated advised Petitioner of the difficulties of self-representation and to proceed with a lawyer. Both times, Petitioner clearly and unambiguously indicated both his understanding of his case and a strong desire to proceed

without counsel.  Moreover, the factual circumstances surrounding Petitioner's case are completely different from those in *Von Moltke*.  Petitioner's reliance on that case therefore is misplaced.

Accordingly, Petitioner is not entitled to relief under § 2254 for this claim.

## B.     Ineffective Assistance of Counsel

Petitioner also alleges that his counsel was ineffective (1) in not challenging a mental-health evaluation of Petitioner before the trial court allowed Petitioner to represent himself at trial; (2) with regard to a plea deal the prosecutor offered to Petitioner; and (3) in not properly investigating elements of the charges against Petitioner and asserting a claim of actual innocence.

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  This includes the right to "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from

> a breakdown in the adversary process that renders the result
> unreliable.

*Strickland*, 466 U.S. at 687.  As with all claims for habeas relief, Petitioner has the burden

of proving ineffective assistance of counsel.  *Virgin Islands v. Nicholas*, 759 F.2d 1073,

1081 (3d Cir. 1985).

In considering the first prong of *Strickland*, the appropriate measure of attorney

performance is "reasonableness under prevailing professional norms."  *Strickland*, 466

U.S. at 688.  A party asserting an ineffective-assistance-of-counsel claim must "identify

the acts or omissions of counsel that are alleged not to have been the result of reasonable

professional judgment."  *Id.* at 690.  The evaluation of the objective reasonableness of

counsel's performance must be made "from counsel's perspective at the time of the alleged

error and in light of all the circumstances, and the standard of review is highly deferential."

*Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show that counsel's

deficient performance prejudiced the claimant's defense.  Thus, "[a]n error by counsel,

even if professionally unreasonable, does not warrant setting aside the judgment of a

criminal proceeding if the error had no effect on the judgment."  *Strickland*, 466 U.S. at

691.

In the context of ineffective advice of counsel resulting in rejection of a guilty plea,

the Supreme Court has held as follows:

> a defendant must show that but for the ineffective advice of
> counsel there is a reasonable probability that the plea offer

would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

The Supreme Court has emphasized that a claimant must establish both prongs of a claim for ineffective assistance of counsel to meet his burden, and if either prong is not satisfied, the claim must be rejected. *Strickland*, 466 U.S. at 69.

## 1. Mental-Health Evaluation

First, Petitioner alleges that counsel should have challenged his mental-health evaluation prior to the trial court allowing Petitioner to represent himself [Doc. 1 p. 5–8]. In response, Respondent alleges that this claim was procedurally defaulted because Petitioner did not raise it in his petition for post-conviction relief or in his appeal of the denial of his petition for post-conviction relief and that the *Martinez* exception to the procedural-default doctrine does not apply [Doc. 6 p. 11–13]. In his reply, Petitioner asserts that he did not procedurally default this claim or can show cause and prejudice to excuse any default, because Petitioner raised the argument in his original post-conviction petition, but post-conviction counsel was ineffective for failing to raise it in the amended petition, evidentiary hearing, or appeal [Doc. 15 p. 11–14].

First, even assuming that Petitioner has set forth cause to excuse his procedural default, he has not met his burden to establish that post-conviction counsel's failure to raise

this issue prejudiced him, as required for him to overcome this procedural default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (holding that a petitioner who fails to raise his federal claim in the state courts and is now barred by a state procedural rule from returning that claim to state court has committed a procedural default which forecloses federal habeas review unless the petitioner shows cause to excuse his failure to comply with the procedural rule and actual prejudice resulting from the alleged constitutional violation).

Specifically, it is apparent from the record that the trial court ordered several mental-health evaluations of Petitioner [State Court Record Attachment 1 p. 23, 24, 44; Attachment 4 p. 334]. While the content of these evaluations is not in the record before this Court, Petitioner has not argued that he suffered from any mental-health condition that prevented him from making a knowing and intelligent waiver of his right to representation by counsel. Rather, in support of his claim that trial counsel was ineffective for not challenging his mental-health evaluation, Petitioner makes only general allegations regarding his education, his knowledge of the law and his potential sentence, his dislike of his counsel, and his inability to accept a guilty plea when he was innocent [Doc. 1 p. 5–7; Doc. 15 p. 11–14].

As such, Petitioner has not met his burden to establish that post-conviction counsel's failure to raise the claim that trial counsel was ineffective for not challenging his mental-health evaluation prejudiced him as required to overcome his procedural default of this claim. Accordingly, Petitioner is not entitled to relief under § 2254 for this claim.

### 2.    Plea Rejection

In this claim, Petitioner alleges that trial counsel was ineffective with regard to plea offers, under which the State of Tennessee offered Petitioner a six-year sentence "with immediate release for time served into a period of probation" in exchange for Petitioner pleading guilty [Doc. 1 p. 8; State Court Record Attachment 27].  Petitioner states that counsel "should have made" such a deal, but that when Petitioner's counsel did present him with these plea offers, Petitioner rejected them because he was very angry and resentful of counsel, "not [in his] ordinary mindset" due to the circumstances underlying the charges against him and his need of a mental-health evaluation [*Id.* at 8–9].  Petitioner also alleges that counsel did not fully inform him regarding the charges against him or the maximum sentence for those charges and that he therefore rejected the plea deals without meaningful understanding of the consequences of that rejection [*Id.* at 9].  In response, Respondent asserts that the TCCA properly rejected this claim [Doc. 6 p. 13–20].  In his reply, Petitioner asserts that the TCCA unreasonably found that he would not have accepted the plea deals[2] [Doc. 15 p. 15–16].

In its opinion affirming the post-conviction court's finding that Petitioner was not entitled to relief on this claim, the TCCA examined Petitioner's testimony at the post-

---

[2]    Petitioner also alleges that counsel was ineffective for not recommending Petitioner receive a mental-health evaluation before he made the decision to reject the plea deals [Doc. 15 p. 15–16].  First, the Court notes that in the letter in which Petitioner's counsel presented him with the relevant plea offers, counsel did recommend that Petitioner receive another mental-health evaluation [State Court Record Attachment 27].  Regardless, however, Petitioner never raised any such ineffective-assistance-of-counsel claim in state court and therefore procedurally defaulted this claim.  Because Petitioner has set forth nothing to excuse this default, the Court will not address it.

conviction evidentiary hearing and applied various state-law cases as well as the Supreme Court decisions in *Strickland v. Washington* and *Lafler v. Cooper*, among others. *Takashi v. State*, 2015 WL 4557776, at *2–4. The TCCA ultimately found that Petitioner had not established that he would have accepted the plea offer even if counsel had explained the risks of proceeding to trial, and he therefore had not established that counsel was deficient or that he had been prejudiced as a result of any deficiency. *Id.*

The record establishes that, at the evidentiary hearing on his petition for post-conviction relief, Petitioner testified that counsel did not tell him that he was facing a potential twenty-five-year sentence for a conviction of aggravated child abuse prior to presenting him with the plea offers [State Court Record Attachment 26 p. 18–20]. Petitioner further testified that, if counsel had explained to him that he was facing a twenty-five-year sentence, he "would've wanted to have been home with [his] family by all means necessary. On one hand, however, I still don't know what the outcome of my decisions would have been" [*Id.* at 20]. Petitioner also testified that, at the time that he was presented with the proposed plea agreements, he knew what he was charged with and that he was facing serious charges and serious jail time and that he considered twenty-five years' imprisonment to be "beyond serious," but that he was not interested in, and therefore would have rejected, any plea agreement [*Id.* at 10, 33, 35, 39]. Petitioner further acknowledged that counsel had strongly recommended that he take the plea deal based on counsel's investigation [*Id.* at 15; State Court Record Attachment 27].

Thus, the record reflects that, although Petitioner testified that he would have wanted to be released from custody if he had known that he was facing twenty-five years' imprisonment, he did not present any evidence that he would have accepted a plea agreement if counsel had fully explained the sentence he was facing upon conviction at trial. To the contrary, Petitioner testified that he would have rejected any plea agreement at that time, a position that he reiterated in his § 2254 petition [Doc. 1 p. 8]. While Petitioner now states in his reply that he would have taken the plea agreement had counsel fully explained the term of imprisonment he faced for conviction at trial [Doc. 15 p. 15], this Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

Based on the Court's review of the state-court record, including Petitioner's testimony as set forth above, the TCCA's finding that Petitioner did not meet his burden to establish a reasonable probability that he would have accepted a plea agreement but for the ineffective assistance of counsel, as required to establish such a claim for ineffective assistance of counsel under *Lafler*, was not an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented. As such, Petitioner is not entitled to relief for this claim under § 2254.

### 3. Actual Innocence

In this claim, Petitioner seeks relief under § 2254 based on the allegation that trial, appellate, and post-conviction counsel did not properly investigate the victim's mother and DCS workers and never asserted that Petitioner was actually innocent of the charges against

him, as the victim's mother was responsible for harming the child [Doc. 1 p. 16–17]. Respondent contends that Petitioner procedurally defaulted this claim and that the claim is improper [Doc. 6 p. 24–28]. Petitioner states that he included this claim in his petition for post-conviction relief and that his post-conviction counsel was ineffective for failing to bring this claim such that any procedural default is excused under the *Martinez/Trevino* exception to the procedural-default doctrine that is applicable in Tennessee under *Sutton v. Carpenter*, 745 F.3d 787, 792–95 (6th Cir. 2014) [Doc. 1 p. 17; Doc. 15 p. 25–26].

Liberally construing Petitioner's filings, Petitioner alleges that post-conviction counsel was ineffective for failing to assert a claim for ineffective assistance of trial or appellate counsel, based on their respective failures to assert that Petitioner was actually innocent of the charges against him.[3] Even assuming, again, that Petitioner has established cause to excuse his procedural default of this claim under the *Martinez* exception, he cannot overcome the procedural default for lack of prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Specifically, in support of his claim that trial or appellate counsel should have argued that Petitioner was actually innocent of the charges against him, Petitioner alleges

---

[3] To the extent that Petitioner seeks to assert a claim for ineffective assistance of post-conviction counsel for not asserting a claim for actual innocence, there is no right to counsel in state collateral proceedings, *see Colemean*, 501 U.S. at 755, and the *Martinez* exception which allows habeas petitioners to bring claims for ineffective assistance of post-conviction counsel therefore only applies to ineffective-assistance-of-counsel claims where the state post-conviction proceeding was the first place that the petitioner could assert such a claim. *Wallace v. Sexton*, 570 F. App'x 443, 452–53 (6th Cir. 2014); *Trevino v. Thaler*, 569 U.S. 413, 423–29 (2013); *Martinez v. Ryan*, 566 U.S. 1, 16 (2012); *Sutton v. Carpenter*, 745 F.3d 787, 792–95 (6th Cir. 2014). Thus, Petitioner is not entitled to relief under § 2254 for any claim that post-conviction counsel was ineffective for failing to bring a claim for actual innocence.

that (1) counsel did not investigate the victim's mother regarding child-abuse history and the "confession letters" and also did not interview and investigate DCS workers; and (2) the prosecution's six-year plea deal offer establishes that the prosecutor was aware of Petitioner's innocence [Doc. 1 p. 6; Doc. 15 p. 25].

Trial counsel must "make reasonable investigation or to make a reasonable decision that makes particular investigation unnecessary." *Stewart v. Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007). Furthermore, the failure to call a particular witness or present crucial evidence may constitute ineffective assistance of counsel when it deprives a defendant of a substantial defense. *Hutchins v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002). A petitioner asserting a claim for failure to investigate, however, must show specifically what it is that counsel should have investigated and how it would have affected the outcome of the case. *Rompilla v. Beard*, 545 U.S. 374, 382–83 (2005); *United States v. Robson*, 307 Fed. App'x 907, 911 (6th Cir. 2009).

First, to the extent Petitioner seeks relief based on the allegation that his self-representation at trial was ineffective, that claim is not cognizable. *Farretta v. California*, 422 U.S. 806, 834 (1975) (holding that "[a] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'").

Further, the record establishes that, during his representation of Petitioner prior to trial, counsel was able to negotiate two separate six-year plea deals for time served, under which Petitioner would have pleaded guilty to child neglect (rather than child abuse), and

one of which allowed Petitioner to make an *Alford* plea [State Court Record Attachment 27]. In his letter conveying the offers, Petitioner's counsel stated that the offers were exceptional in light of the evidence regarding the child abuse that could have been presented against Petitioner at trial, cited the fact that his firm had investigated the case, and stated that DCS had acted inappropriately and that the victim's mother had made false statements [*Id.* at 2].

The substantive content of this letter establishes that counsel was familiar with the relevant witnesses and issues Petitioner asserts should have been investigated. Also, the fact that counsel was able to negotiate favorable plea offers does not mean that Petitioner was actually innocent of child abuse or child neglect. Further, nothing in the record suggests that counsel's performance was deficient with regard to the negotiation of these plea offers, which (ironically) Petitioner asserts were so favorable that they establish his actual innocence.

Moreover, Petitioner has not met his burden to establish that any further investigation of the victim's mother or DCS workers by counsel would have resulted in the dismissal of the charges against him. Both the victim's mother and a DCS worker testified extensively against Petitioner at trial and the "confession letters" from the victim's mother were an exhibit to the trial [State Court Record Attachment 10 p. 114–200; Attachment 11 p. 218–265; Attachment 12 p. 361–399; Attachment 18; Attachment 19]. While the "confession letters" do contain statements from the victim's mother asserting that, among other things, Petitioner did not deserve to be in jail, that she lied to police about Petitioner

hurting their son, that she told her counsel that she hurt their son and that Petitioner did not know about it, and that she is sorry [*See, e.g.*, State Court Attachment 18 Exhibit 17], the victim's mother addressed those letters and the alleged abuse in her family during her testimony at Petitioner's trial [*See*, *e.g.*, State Court Attachment Doc. 11 p. 166–67; 172; 226–27; 244–55; 251–59, 265]. Further, Petitioner has set forth no evidence to support his assertion that further investigation of DCS worker Angie Sullivan would have established that he was actually innocent of the charges.

Because nothing in the record supports Petitioner's allegation that further investigation of DCS worker Angie Sullivan or the victim's mother would have established his actual innocence and resulted in dismissal of the charges against him, Petitioner has not met his burden to establish that post-conviction counsel's procedural default of this claim prejudiced him. As such, Petitioner is not entitled to relief under § 2254 for this claim.

### C.    Excessive Sentence

In this claim, Petitioner alleges that his twenty-five-year sentence is excessive and violates the Eighth Amendment [Doc. 1 p. 13]. In response, Respondent argues that Petitioner procedurally defaulted this claim by not raising it under constitutional terms in his direct appeal and that, in the alternative, the TCCA properly rejected the claim in affirming Petitioner's convictions [Doc. 6 p. 20–24]. In his reply, Petitioner argues that any failure to assert this claim under constitutional terms was due to the ineffective assistance of his appellate counsel and the default is therefore excused [Doc. 15 p. 17–24].

In his direct appeal of his convictions, Petitioner alleged that the trial court had erred in sentencing Petitioner in violation of Tennessee law [State Court Record Attachment 20 p. 19–25]. Nothing in this argument, however, fairly asserted that the sentence imposed violated Petitioner's constitutional rights under the Eighth Amendment [*Id.*], nor did Petitioner set forth any such claim in his petition for post-conviction relief [State Court Record Attachment 25].

Further, Petitioner is no longer able to raise this issue in state court. *See* Tenn. Code Ann. § 40-30-102(a) (post-conviction petition must be filed "within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final") and (c) ("This part contemplates the filing of only one petition for post-conviction relief"). Thus, Petitioner has technically exhausted this claim because there are no state-court remedies currently available for it. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (the requirement of exhaustion is satisfied if it is clear that petitioner's claims are now procedurally barred under state law). However, Petitioner's failure to comply with Tennessee's rules of procedure regarding this claim means that Petitioner has forfeited the right to federal habeas review of this issue, unless he establishes cause for the default and actual prejudice resulting from it. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As set forth above, in his reply, Petitioner asserts that the ineffective assistance of his counsel on direct appeal in failing to present this claim under constitutional terms excuses any procedural default of this claim. The Sixth Circuit has stated that "[i]n certain

circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will establish cause [to overcome procedural default].  To constitute cause, that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 667–68 (alteration and internal citations and quotation marks omitted).  Accordingly, where a petitioner has procedurally defaulted a claim for ineffective assistance of counsel on which he relies to excuse his procedural default of a separate claim, that ineffective assistance of counsel "cannot now be used to show cause and prejudice for his undisputed procedural default." *Id*. at 668; *see also Williams v. Lazaroff*, 648 F. App'x 548 (6th Cir. 2016) (holding that ineffective assistance of appellate counsel could not serve as cause to overcome default of other procedurally defaulted claims given that it too was not fairly presented to the state court and was thus procedurally defaulted).

That is exactly the case here.  The state-court record establishes that Petitioner did not present in state court any claim for ineffective assistance of counsel related to appellate counsel's failure to preserve his excessive-sentence claim in constitutional terms, and he is unable to do so now.  Accordingly, Petitioner's claim—for ineffective assistance of appellate counsel regarding his sentence—is itself procedurally defaulted, and it therefore cannot establish cause and prejudice to excuse the procedural default of his excessive-sentence claim.  As such, Petitioner is not entitled to relief under § 2254 for this claim.

## IV.    CONCLUSION

For the reasons set forth above, Petitioner's petition for a writ of habeas corpus [Doc. 1] will be **DENIED** and this action will be **DISMISSED**.

## V.    CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the court dismissed a claim on the merits, but reasonable jurists could conclude the issues raised are adequate to deserve further review, the petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack*, 529 U.S. at 484.

Reasonable jurists would not debate the Court's finding that Petitioner procedurally defaulted his claims that his sentence violated the Eighth Amendment and his claims for ineffective assistance of counsel based on failure to investigate or assert actual innocence. Further, reasonable jurists could not conclude that Petitioner's claims that his self-

representation at trial was unconstitutional, or that his counsel was ineffective with regard to challenging a mental-health evaluation or the plea offers, are adequate to deserve further review.  Accordingly, a COA **SHALL NOT ISSUE.**

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE